UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MUJAHID THOMAS,<br><br>  Plaintiff,<br><br>  v.<br><br>TRANSUNION LLC,<br><br>  Defendant. | Case No. 2:24-cv-01392-GMN-EJY<br><br>**ORDER** |

Pending before the Court is Defendant Trans Union's Motion to Stay Discovery pending resolution of its Motion to Dismiss (ECF No. 12). The Court has considered Defendant's Motion, Plaintiff's Opposition (ECF No. 13), and Defendant's Reply (ECF No. 16).[1]

**I.   Background**

Plaintiff initiated this dispute in state court alleging "defamation of character." ECF No. 2 Ex. A at 2. The Complaint was later amended to allege willful violations of the Fair Credit Reporting Act ("FCRA") under 15 U.S.C. § 1681n. *Id.* at 4. Specifically, Plaintiff alleges Trans Union violated § 1681e(b) and § 1681i of the FCRA, which respectively require reasonable procedures for assuring accuracy and reinvestigating consumer disputes, by "continu[ing] to report inaccurate information on [Plaintiff's] consumer report after being informed of the errors." *Id.* Trans Union timely removed the matter to federal court (ECF No. 6) and filed its Motion to Dismiss (ECF No. 10). Twenty-one days later, and with no opposition to its Motion to Dismiss having been filed, TransUnion filed the instant Motion to Stay Discovery.

**II.   Discussion**

Courts have broad discretion to control discovery. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). Typically, a dispositive motion does not warrant a stay of discovery.[2] *Tradebay,*

---

[1]   Plaintiff filed a sur-reply to Defendant's Reply. ECF No. 18. Under LR 7-2(b), sur-replies are not permitted in this District absent express leave of the Court. No request for leave was filed and no leave was *sua sponte* given. Docket, *generally*. Therefore Plaintiff's sur-reply is not considered by the Court.

[2]   In its Reply brief, Trans Union misconstrues the effect of a pending motion to dismiss on the Court's authority and discretion to manage discovery matters. Trans Union asserts that Ninth Circuit precedent precludes the Court from

1

*LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011).  When deciding whether to issue a stay, the Court must take a "preliminary peek" at the merits of the dispositive motion pending in the case.  *Buckwalter v. Nevada Bd. of Medical Examiners*, Case No. 2:10-cv-02034-KJD-GWF, 2011 WL 841391, at *1 (D. Nev. March 7, 2011).  In doing so, the Court must consider whether the pending motion is potentially dispositive of the entire case, and whether that motion can be decided without additional discovery.  *Tradebay*, 278 F.R.D. at 602.  That said, the ultimate question for the Court is whether, under Rule 1 of the Federal Rules of Civil Procedure ("FRCP"), it is more efficient to move discovery forward while the dispositive motion(s) is pending or to limit discovery with the aim of resolving the case in the most inexpensive manner possible.  *Id.* at 603. Further, cases involving difficult and detailed questions of law and fact are the exact type of cases that necessitate a stay under the principles of Rule 1, which requires courts to act in furtherance of the "just, speedy, and inexpensive" determination of actions.  *Schrader v. Wynn Las Vegas, LLC*, Case No. 2:19-cv-02159-JCM-BNW, 2021 WL 4810324, at *3 (D. Nev. Oct. 14, 2021)

Here, Trans Union's Motion to Dismiss, if granted, would be dispositive of the entire case.  Further, a "preliminary peek" at the merits convinces the Court that the Motion will be granted.  The Ninth Circuit has held that "a consumer must first 'make a prima facie showing of inaccurate reporting" by a consumer reporting agency to sustain a claim under either § 1681e(b) or § 1681i.  *Shaw v. Experian Info. Sols. Inc.*, 891 F.3d 749, 756 (9th Cir. 2018) (internal quotations omitted).  When a plaintiff has not made such a showing, the Court "need not consider the reasonableness of [an agency's] procedures or reinvestigation efforts."  *Id.*  A prima facie showing requires more than a conclusory assertion that inaccurate information was reported.  A plaintiff must "alleg[e] facts tending to show that [an agency] prepared a report containing inaccurate information."  *Sunseri v. Experian Info. Sols. Inc.*, No. 21-55583, 2022 WL 1315303 (9th Cir. May 3, 2022) (quoting *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995)).  In this case, neither

---

allowing discovery to proceed until it has denied a motion to dismiss. ECF No. 16 at 1.  Trans Union supports this assertion by quoting an order from the Central District of California, the decisions of which are not binding on the Court.  Further, the Ninth Circuit opinion referenced by that court, *Mujica v. AirScan Inc.*, merely states that plaintiffs must satisfy the pleading requirements of FRCP 8 before the discovery stage. 771 F.3d 580, 593 (9th Cir. 2014).  Suffice to say, that uncontroversial statement did not divest the Court of its well established discretion to allow, or disallow, discovery until a pending dispositive motion is resolved. *See Flynn v. Nevada*, 345 F.R.D. 338 (D. Nev. 2024) (detailing nearly four decades of consistent practice by this District regarding motions to stay up through the present).

Plaintiff's Amended Complaint nor his Response to the instant Motion allege any facts demonstrating which information in his credit report was inaccurate. Instead, Plaintiff alleges only that "Defendant has continued to report inaccurate information." ECF No. 2 Ex. A at 4; ECF No. 13 at 1. Because even a "liberal interpretation of a ... complaint may not supply essential elements of the claim that were not initially pled," *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982), the Court finds that Plaintiff's Complaint is substantially unlikely to survive the pending Motion to Dismiss.

Regarding the second prong of the analysis, Plaintiff has not explained how discovery is necessary to resolve the pending Motion. In his Response, Plaintiff asserts that discovery is essential to obtain evidence of, *inter alia*, "the nature and extent of the inaccuracies in his credit report." ECF No. 13 at 2. However, assuming Plaintiff's credit report contains inaccuracies, the details of the inaccurate information and why it is inaccurate should be known to Plaintiff. Indeed, the inaccuracies must be known if he seeks to state a plausible claim under the FCRA. Plaintiff also asserts that evidence of the procedures used by Trans Union in handling his dispute are necessary, *id.*, but evidence of the reasonableness of a consumer reporting agency's procedures only becomes relevant after an inaccuracy is plausibly alleged, something Plaintiff fails to do. Because "Rule 8 ... does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions," Plaintiff cannot rely on discovery to obtain the basic facts necessary to support his claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

In sum, relevant precedent within the Ninth Circuit supports the conclusion that Trans Union is substantially likely to prevail in its Motion to Dismiss. The Court further finds discovery is not needed to resolve the Motion to Dismiss. However, even if leave to amend Plaintiff's Motion is granted, a discovery stay at this juncture serves the overall goals of FRCP 1.

### III. Order

Accordingly, IT IS HEREBY ORDERED that Defendants' Motion to Stay Discovery (ECF No. 12) is GRANTED.

Dated this 6th day of September, 2024.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE